■ VILMA C. MILLER, as Administratrix of the Estate of ANNEMARIE MILLER, Deceased, Plaintiff, v KRISTINA P. HIGGINS et al., Defendants and Third-Party Plaintiffs-Respondents. REHBEIN MOTORS, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Appeal from an order of the Supreme Court at Special Term, entered July 29, 1976 in Schoharie County, which, *inter alia,* denied third-party defendant Rehbein Motors' motion for summary judgment. On June 4, 1974 third-party defendant Rehbein Motors performed a New York State motor vehicle inspection on a 1970 Ford pick-

up truck at the request of a co-third-party defendant, William S. Hinkley and Sons, Inc. No defects were found and a certificate of inspection was issued. Later that day, the truck was sold by Hinkley to the third-party plaintiff, Miles J. Higgins. On January 28, 1975 his wife, Kristina Higgins, while driving the truck, struck and killed Annemarie Miller, a pedestrian. The accident apparently was caused by brake failure. The decedent's administratrix commenced an action against the Higgins for personal injuries and wrongful death. The Higgins commenced third-party actions against the seller of the truck (Hinkley) and the inspector (Rehbein Motors), seeking indemnification or contribution. Examinations before trial revealed that the truck had been driven seven or eight thousand miles during the period between purchase and accident, and that no difficulty with the brakes had been experienced prior to the accident. Rehbein Motors moved for summary judgment dismissing the complaint (CPLR 3212) on the ground that with such a great number of miles traveled after the inspection it cannot be reasonably inferred that the brake defects were discoverable at the time of the inspection.* Special Term denied the motion. The third-party plaintiffs' verified bill of particulars alleges that at the time of the inspection the brake warning light was inoperable and that the brake mechanism itself was badly worn and otherwise defective. These allegations were apparently based on the inference that if these defects existed at the time of the accident, they or their causes should have been discoverable 7,000 miles earlier at the time of the inspection. No proof submitted by the movant conclusively refutes this inference, and therefore the condition of the brakes at the time of the inspection is a question of fact not resolvable upon summary judgment. Further, third-party defendant Rehbein Motors inspected the subject vehicle and was required to notify the vehicle owner if repairs were necessary (Vehicle and Traffic Law, § 304). Since a violation of a statute can be the proximate cause of an accident, on this record we cannot say that proof at trial might not establish such a statutory violation. Order affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.

---

* At Special Term Rehbein Motors also asserted that it had no duty of care to the Higgins. Rehbein does not reassert the point on appeal, and it therefore will not be considered.