OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is a motion by defendant to dismiss three of five theories of liability stated in the complaint. Defendant argues that, on the facts alleged, the three theories fail to state valid causes of action.
The complaint is based upon the following events: On March 12, 1990 an owner brought a truck to defendant’s auto garage for repairs. In the course of that work, defendant performed a State-mandated safety inspection and issued a certificate, attesting that the inspection had been performed. Five months later the truck left the road and overturned several times. The plaintiff, a passenger who was employed in the owner’s business, was injured.
The complaint states that the accident was caused by "mechanical and equipment defects” which existed at the time of the inspection. There is no further description of the nature of the claimed defects or the relation between such defects and any representation contained in the certificate and no explanation of the causal connection between the defects and the accident. These matters, we assume, await the discovery process.
The first two causes of action are based upon negligence and are not presently at issue. The third alleges the breach of a contractual warranty. The fourth claims intentional misrepresentation based upon the issuance of an inspection certificate when, plaintiff contends, no such inspection was performed. The fifth alleges negligent misrepresentation.
The defendant, owner of the repair shop, moves to dismiss the three causes of action on the ground that no privity existed between himself and the plaintiff passenger in the vehicle.
THIRD CAUSE OF ACTION
Defendant contends that the third cause of action (contractual warranty) must be dismissed on the authority of Martin v Dierck Equip. Co. (43 NY2d 583, 589) which held that "a cause *188 of action for breach of warranty is a contractual remedy — a remedy which seeks to provide the parties with the benefit of their bargain”. Clearly, in that construct, privity is required.
However, in Heller v U.S. Suzuki Motor Corp. (64 NY2d 407, 411) the Court of Appeals acknowledged that "in 1975 the Legislature completely eliminated the requirement of privity for personal injury actions based on implied warranty by adopting a new section 2-318 of the Uniform Commercial Code”. (See, discussion at 2C Warren’s Negligence Products Liability, § 88.03 [2] [a], at 636.)
Nevertheless, and quite apart from the privity issue, a cause of action for breach of warranty requires an underlying transaction of a kind which generates a warranty. Clearly, the Uniform Commercial Code does not apply to the rendition of services for a price (White and Summers, Uniform Commercial Code § 2-2, at 67-68 [Student’s 3d ed]). In our view, the performance of an auto inspection is a service, not the sale of goods within UCC article 2 (Aegis Prods. v Arriflex Corp., 25 AD2d 639). Therefore, the warranty claim must fail for lack of a predicate transaction.
FOURTH AND FIFTH CAUSES OF ACTION
Privity is not an essential element of the cause of action for intentional or negligent misrepresentation involving the risk of physical harm (Restatement [Second] of Torts §§ 310, 311). Section 310, comments (c) and (d) and section 311, comment (b) and illustrations (8) and (9), make it plain that the misrepresenter may be liable not only to the party in privity but also to those whom the misrepresenter should realize are likely to be imperiled.
Such third parties, in the case of a vehicle certified to be safe, would include those invited by the owner to use the machine as an employee or passenger or both. (Buszta v Souther, 102 RI 609, 232 A2d 396.) Section 310, comment (d), also states that "The liability * * * is not confined * * * to harm received in the particular transaction which the misrepresentation was intended to induce”. Hence, the hiatus of several months, of itself, does not insulate the misrepresentation from its foreseeable consequences. The law restated at section 311, in our opinion, would require a similar conclusion.
Liability for intentional or negligent misrepresentations which threaten physical harm is grounded upon a duty which *189 is coextensive with the foreseeable risk. By contrast, in the separate and distinct sphere of misrepresentations involving the risk of pecuniary loss, the representer’s duty is much reduced. (Compare, Restatement [Second] of Torts §§ 310, 311 [physical harm], with Restatement [Second] of Torts § 552 [2] [pecuniary loss].)
The distinction is grounded upon considerations of public policy. Our Court of Appeals has recognized that society has a high stake in the continued availability of relatively risky business and professional advice and prognostication. To extend the representer’s duty to all who, however indirectly, may learn of the representation and rely upon it, would open the door to fathomless consequences.
Chief Judge Cardozo, in Ultramares Corp. v Touche (255 NY 170, 179), posed the sobering prospect of "a liability in an indeterminate amount for an indeterminate time to an indeterminate class”. Over the decades, a corpus of cases has limited the otherwise "indeterminate class” to those in substantial privity with the representer. (Glanzer v Shepard, 233 NY 236; Ultramares Corp. v Touche, 255 NY 170, supra; Credit Alliance Corp. v Anderson & Co., 65 NY2d 536; Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417; Security Pac. Bus. Credit v Peat Marwick Main & Co., 79 NY2d 695; Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377.) In sum, Glanzer, and its successors, do not require the dismissal of the plaintiffs claim since privity is not an essential element of claims for misrepresentation involving the risk of physical harm.
We conclude that, taking the most generous view of the meager allegations of the complaint, the plaintiff has pleaded causes of action which, on their face, state valid theories of liability. Accordingly, the motion to dismiss the fourth and fifth causes of action is denied, without prejudice to such further applications as may be appropriate upon the completion of discovery. The motion to dismiss the third cause of action is granted.