[683 NYS2d 612]

Richard N. Wood, Respondent, v Edgar L. Neff, Doing Business as J.R.'s Auto Repair, Formerly Known as A. M. Auto Repair, Appellant. (And a Third-Party Action.)

Third Department, December 30, 1998

### APPEARANCES OF COUNSEL

*Thaler & Thaler,* Ithaca (*Richard T. John* of counsel), for appellant.

*Williamson, Clune & Stevens,* Ithaca (*John H. Hanrahan, III,* of counsel), for respondent.

### OPINION OF THE COURT

CARPINELLO, J.

On August 15, 1990, plaintiff was driving a dump truck owned by his employer, Norman Tidd, when the truck's left front tire blew out causing plaintiff to lose control of the vehicle. The truck rolled over several times ejecting plaintiff and his passenger. As a result of the accident, plaintiff was rendered a paraplegic. He commenced this action against defendant, owner of the automotive repair shop that issued a safety inspection certificate for the vehicle on March 12, 1990. Defendant, in turn, commenced a third-party action against Tidd's estate and plaintiff. At issue on appeal is Supreme Court's order denying defendant's motion for summary judgment dismissing the complaint (175 Misc 2d 151).

Defendant concedes for the purpose of summary judgment that he permitted Tidd's truck to pass inspection with the defective tire that caused the subject accident. He nevertheless contends that he is entitled to summary judgment on the alternative grounds that his only duty of care in this case—to

notify Tidd of the defective tire—did not extend to plaintiff and, in any event, his alleged negligence was not the proximate cause of the accident because intervening events—plaintiff's knowledge of the tire's defective condition—broke the causal chain between such negligence and the accident.

■ As a threshold matter, we note our disagreement with defendant's legal assumption that his only duty as a certified inspector in this case was to notify Tidd of the necessity to repair the truck and that such duty did not· extend to third parties, including plaintiff. In undertaking the inspection of Tidd's truck as a licensed inspection station operator, defendant was obligated to, *inter alia*, conduct "a complete inspection" of the vehicle in conformity with all applicable rules and regulations (Vehicle and Traffic Law § 306 [d]; *see*, 15 NYCRR 79.20 [c] [6]), issue a certificate *only if* all prescribed mechanisms and equipment were "in proper and safe condition" (Vehicle and Traffic Law § 304 [a]; *see also*, 15 NYCRR 79.20 [a]; 79.21), notify Tidd of any necessary repairs (Vehicle and Traffic Law § 304 [b]; 15 NYCRR 79.5 [b]) and issue an "inspection rejection notice * * * if the condition of any item required to be inspected [was] found defective" (15 NYCRR 79.20 [a]; *see*, Vehicle and Traffic Law § 306 [d]).[1]

Notably, inadequate tread and/or bumps, bulges and knots on a tire are grounds upon which to issue an inspection rejection notice (*see*, 15 NYCRR 79.21 [c] [1], [3]).[2] Indeed, the failure to conduct inspections in conformity with statutory and regulatory requirements subjects inspection station operators to license suspension, revocation and nonrenewal (*see*, Vehicle and Traffic Law § 303 [e] [1], [5]). Moreover, we believe that an inspector's duties under the Vehicle and Traffic Law do extend to third parties as it is reasonably foreseeable that someone, other than its owner, may be injured in an accident because of a defect in a motor vehicle. A plain reading of Vehicle and Traffic Law § 309 (1) and (2) supports the conclusion that the Legislature enacted Vehicle and Traffic Law articles 5 and 5-A

1. By conceding that he permitted Tidd's truck to pass inspection with a defective tire, defendant concomitantly concedes that he violated each of these statutory and regulatory provisions.

2. Upon being notified of the need for repairs to a vehicle, an owner has 30 days within which to make such repairs (*see*, Vehicle and Traffic Law § 304 [b]; 15 NYCRR 79.5 [b]). If these repairs are not made, the owner must take the vehicle off the road as it is illegal to operate a motor vehicle on State public highways without a valid certificate of inspection (*see*, Vehicle and Traffic Law § 306 [b]; 15 NYCRR 79.5 [a]; *see, e.g., People v Congregation Khal Chaisidei Skwere*, 232 AD2d 919, 920, *lv denied* 89 NY2d 984).

to protect not only owners of defective motor vehicles, but third parties who could be injured thereby.[3]

■ Similarly unavailing is defendant's claim that intervening events, particularly plaintiff's knowledge of the tire's defective condition on the day of the accident, break the causal chain between any negligence on his part and the accident. First, this argument is based on a factual premise, i.e., plaintiff's knowledge of the tire's condition, that cannot be conclusively established on this record. Plaintiff testified at his examination before trial that he was not responsible for the maintenance on the truck and that, with the exception of a transmission problem, he never observed any mechanical problems with it. He also testified that, although he "vaguely" recalled hearing about problems with the truck's tires, he assumed that they were taken care of prior to the accident.

Additionally, while a negligent defendant may be relieved of liability if the conduct of another has intervened to "break[] the chain of causal connection" between that defendant's breach of duty and the ensuing injury (*Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611), the conduct must be so extraordinary or unforeseeable that it is unreasonable to hold the defendant responsible for the resulting damages (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Considering the questions of fact that exist as to plaintiff's knowledge of the tire's defective condition, summary judgment on this issue is precluded. In sum, we are unable to conclude as a matter of law that "only one conclusion may be drawn from the established facts" (*id.*, at 315) concerning the question of legal cause. Rather, the questions of whether defendant's conduct was a substantial cause of plaintiff's accident and whether intervening events broke the connection between defendant's negligence and the accident should be left where they generally belong—in the hands of a jury (*see, e.g., Ramundo v Town of Guilderland*, 142 AD2d 50, 53; *Miller v Higgins*, 57 AD2d 1010, 1011).

Defendant's remaining contentions have been reviewed and

---

**3.** Vehicle and Traffic Law § 309 (1) provides that "[t]he legislature hereby finds and declares that the safety of the *motoring public* depends on a modern system of periodic motor vehicle inspection" (emphasis supplied). Moreover, Vehicle and Traffic Law § 309 (2) provides that this State "recognize[s] the need for inspection of motor vehicles to assure *its citizens that their safety would be protected* by removing from its highways those cars whose mechanical condition did not meet rigid standards of safety" (emphasis supplied).

none warrants reversal of Supreme Court's order.

MIKOLL, J. P., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.