■ GREGORY G. STIVER et al., Respondents, v GOOD & FAIR CARTING & MOVING, INC., Appellant. [822 NYS2d 178]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 21, 2005 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: In an action to recover damages for personal injuries sustained in an automobile accident, defendant appeals from an order denying its motion for summary judgment dismissing the complaint. We agree with defendant that

Supreme Court erred in denying defendant's motion and thus we reverse.

On June 13, 2001, a mechanic employed by defendant performed a New York State motor vehicle inspection (Inspection) of an automobile owned by Stephen Corbett (Corbett), the defendant in a related action, and the vehicle passed the Inspection. On August 8, 2001, a vehicle driven by Gregory G. Stiver (plaintiff) struck Corbett's vehicle from behind when Corbett's vehicle abruptly stopped in the middle of a highway, causing plaintiff to sustain personal injuries. Plaintiffs alleged that transmission components in Corbett's vehicle malfunctioned, rendering the vehicle inoperable and causing the collision. Plaintiffs commenced this negligence action alleging that defendant failed to use reasonable care when performing the Inspection of Corbett's vehicle. We agree with defendant that, under the circumstances of this case, defendant owed no duty of care to plaintiffs.

In a tort action, a threshold question is whether the alleged tortfeasor owed a duty of care to the injured party (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]), and it is settled that the existence and scope of a duty of care is a question for the courts (*see generally Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). Any duty of defendant to plaintiffs in this case must arise from its contractual agreement to perform the Inspection because it had no preexisting duty imposed by law to inspect Corbett's vehicle. As a general rule, recovery for negligent performance of a contractual duty is limited to an action for breach of contract, and a party to a contract is not liable in tort to noncontracting third parties (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]). Here, there is no dispute that plaintiffs were not parties to the contractual agreement between defendant and Corbett to perform the Inspection of Corbett's vehicle. Nevertheless, plaintiffs contend that three exceptions to the general rule, in which a duty of care to a noncontracting third party may arise out of a contractual obligation or the performance thereof, apply in this case. We reject that contention.

First, although a contracting party may be liable to those foreseeably injured if it creates an unreasonable risk of harm or increases that risk to the point that it "launche[s] a force or instrument of harm" (*Moch Co.*, 247 NY at 168; *see Church*, 99 NY2d at 111), defendant did not make Corbett's vehicle any less safe than it was before the inspection, and thus this exception

does not apply (*see Church*, 99 NY2d at 112). Second, while a contracting party may be liable in tort if its "performance of contractual obligations has induced detrimental reliance on continued performance" of those obligations by the third party (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]), there is no evidence in the record before us that plaintiffs knew prior to the accident that Corbett's vehicle had been inspected, and thus their contention that they detrimentally relied upon the Inspection has no support in the record. Finally, plaintiffs' contention that the contract is so broad that it amounts to an entire displacement of Corbett's duty of care by defendant is raised for the first time on appeal and is thus unpreserved for our review. "An issue may not be raised for the first time on appeal . . . where [, as here,] it could have been obviated or cured by factual showings or legal countersteps in [Supreme Court]" (*Ring v Jones*, 13 AD3d 1078, 1079 [2004] [internal quotation marks omitted]; *see Oram v Capone*, 206 AD2d 839 [1994]). Consequently, we conclude that defendant met its burden on the motion by establishing that it owed plaintiffs no duty of care and plaintiffs failed to raise a triable issue of fact in response. Therefore the motion for summary judgment should have been granted. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.