■ Derrick Martinez, Appellant, v National Amusements, Inc., Doing Business as Whitestone Multiplex Cinemas, et al., Respondents. (And a Third-Party Action.) [855 NYS2d 82]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about December 14, 2006, dismissing the amended complaint and all cross claims, and bringing up for review an order of the same court and Justice entered April 25, 2006, which granted defendants' motions for summary judgment, unanimously affirmed, without costs.

Plaintiff was assaulted on March 8, 2002, while at a Bronx movie theater owned and operated by defendant National Amusements, which had hired defendant Security Enforcement Bureau to provide on-premises security. As to plaintiff's claim against the latter, it has long been the rule that the duty of care owed by a contractor does not extend to noncontracting third parties (*Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]), absent exceptional circumstances not applicable here (*see*

*Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). The facts in this record do not bring plaintiff within any of the exceptions to the general rule of no duty of care owed by a contractor to a noncontracting party (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253 [2007]).

In general, plaintiff failed to raise a triable issue of fact as to the foreseeability of his assault. Defendants were not insurers of plaintiff's safety (*Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]). The record is devoid of any evidence of prior assaults at the theater, and none is suggested in witness testimony. Accordingly, National had no reason to anticipate the assault, nor any special duty to take preventive measures. Absent evidence of any prior similar criminal activity at the theater, the attack on plaintiff was neither a normal or foreseeable occurrence nor preventable in the normal course of events. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.