# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**230**
**CA 15-01344**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


MICHAEL C. KERWIN, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOSEPH FUSCO, ET AL., DEFENDANTS,
AND BH DECKER, INC., DEFENDANT-APPELLANT.
---------------------------------------------
JOSEPH FUSCO, ET AL., THIRD-PARTY PLAINTIFFS,

V

SUNSTREAM CORPORATION, THIRD-PARTY DEFENDANT.


COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (TERANCE WALSH OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BOUSQUET HOLSTEIN PLLC, SYRACUSE (HARRISON V. WILLIAMS, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered October 27, 2014. The order, inter alia,
denied that part of the cross motion of defendant BH Decker, Inc., for
summary judgment dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he fell through a stairway in the house
where he resided as a student-tenant in Delhi, New York. Defendant-
third-party plaintiff Joseph Fusco (Fusco), the owner of the rental
property, entered into a written Property Management Agreement
(Agreement) with defendant-third-party plaintiff BH Decker, Inc.
(Decker), pursuant to which Decker was to manage the property. Fusco
resided in Staten Island, New York, and visited the premises once a
year in August when the students returned to begin the fall semester.
Under the terms of the Agreement, Decker, which had its place of
business in Delhi, New York, was to "manage and operate" the premises
"with due diligence and [was] authorized and responsible on behalf of
[Fusco] for acts which are reasonably necessary for property
management," including but not limited to inspecting for damage and
making contracts for utilities and maintenance as Decker "deemed
advisable." The Agreement designated Decker as the entity that would
"field all calls & communications from tenants" and required only that

Decker "advise" Fusco of any "non-emergency" corrections or repairs that Decker deemed necessary.

As a result of prior water damage to the house, the premises were undergoing mold remediation work by third-party defendant Sunstream Corporation (Sunstream) at the time of plaintiff's accident. The written "Proposal" from Sunstream for that work was directed and addressed to Decker. On the day before plaintiff's accident, plaintiff and another tenant of the house noticed a loose stair tread in the stairway. The other tenant called Benjamin Decker, the president of Decker, who came to the building and made repairs to the tread. While Benjamin Decker was at the property, he noticed that Sunstream had removed a closet and structural framing under the staircase while performing mold remediation. Benjamin Decker undertook no further repair or remedial action.

Insofar as relevant to this appeal, Decker cross-moved for summary judgment dismissing the complaint against it, and Supreme Court denied the cross motion. We affirm, although our reasoning differs from that of the court with respect to the issue whether Decker owed a duty to plaintiff to maintain the premises in a reasonably safe condition.

We reject Decker's contention that it did not owe a duty of care to plaintiff because the Agreement with Fusco did not give rise to tort liability in favor of a third party. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138). It is well settled that " 'a contractual obligation, standing alone, will impose a duty only in favor of the promisee and intended third-party beneficiaries' " (*id.* at 140), and "will generally not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (*id.* at 138; *see Haberl v Verizon N.Y., Inc.*, 113 AD3d 1129, 1130). There are, however, "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons," i.e., where the contracting party fails to exercise reasonable care in the performance of his or her duties and thereby launches a force or instrument of harm, where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal*, 98 NY2d at 140; *see Anderson v Jefferson-Utica Group*, *Inc.*, 26 AD3d 760, 760-761).

In analyzing the three exceptions, we agree with Decker that it met its burden on its cross motion of establishing as a matter of law that the repairs made to the stair tread by Benjamin Decker did not launch a force or instrument of harm by exacerbating the dangerous condition of the stairway or making it less safe (*see Stiver v Good & Fair Carting & Moving, Inc.*, 32 AD3d 1209, 1210-1211, *affd* 9 NY3d 253; *Sniatecki v Violet Realty, Inc.*, 98 AD3d 1316, 1320). We reject Decker's contention, however, that the detrimental reliance exception

is inapplicable as a matter of law.  We conclude on this record that there are issues of fact whether plaintiff detrimentally relied on Decker's inspection of the stairway and performance of repairs to the stairway in accordance with Decker's duties under the Agreement (*see All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674, 675).  Contrary to Decker's further contention, we conclude as a matter of law that the Agreement here is the type of comprehensive and exclusive management agreement that entirely displaced the owner's duty to inspect, repair, and safely maintain the premises for the benefit of the student-tenants (*see Karac v City of Elmira*, 14 AD3d 842, 844; *Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44, 48-49; *see generally Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-590).  Thus, Decker owed a duty of care to plaintiff under that exception to the general rule (*see Espinal*, 98 NY2d at 140).  We reach no conclusion on the issue whether Decker breached that duty.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court