■ Daniel Santos, Appellant, v Daniello Carting Co., LLC, et al., Respondents. [48 NYS3d 663]—

Order, Supreme Court, Bronx County (Lizbeth González, J.), entered August 10, 2016, which granted defendants' motions for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

Defendants' motions for summary judgment were properly granted in this action where plaintiff was injured when he tripped over a metal plate that was installed by defendant Refuse Hydraulics (Refuse) to stabilize a dumpster owned by

defendant Daniello Carting Co., Inc. (Daniello). There is no dispute that defendants did not own or manage the property where plaintiff fell and thus, had no duty to maintain the premises in a reasonably safe condition (*cf. Basso v Miller*, 40 NY2d 233, 241 [1976]).

Plaintiff's argument that defendants were liable because they launched a force or instrumentality of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]) is unavailing. No evidence was presented that either defendant determined the placement of the dumpster and metal plate, or that they made the area less safe than it was before they acted (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]). The metal plate installed by Refuse was not damaged and there was no evidence of prior accidents or complaints about it. Furthermore, although Daniello removed the dumpster and exposed the metal plate, no evidence was presented that this conduct rendered the area less safe. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.