Gordon v SEB Dev., LLC (2025 NY Slip Op 05607)

Gordon v SEB Dev., LLC

2025 NY Slip Op 05607

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

733 CA 24-01425

[*1]RHONDA GORDON, PLAINTIFF-APPELLANT,
v
SEB DEVELOPMENT, LLC, DEFENDANT-APPELLANT, AND COZZWILL, INC., DEFENDANT-RESPONDENT. 

DOLCE PANEPINTO, P.C., BUFFALO (AARON C. GORSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF GERARD E. O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 21, 2024. The order granted the motion of defendant Cozzwill, Inc., for summary judgment and dismissed the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Cozzwill, Inc.
Memorandum: Plaintiff commenced this consolidated action seeking damages for injuries she sustained when she slipped and fell on ice while walking into her workplace. The subject property was owned by defendant SEB Development, LLC (SEB). SEB had a verbal agreement with defendant Cozzwill, Inc. (Cozzwill) for Cozzwill to perform repair and maintenance at the property, including snow and ice removal services. Cozzwill moved for summary judgment seeking, inter alia, dismissal of the complaint against it. Supreme Court granted the motion, and plaintiff and SEB each appeal. We reverse.
Although "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), there are three exceptions to that rule (see id. at 140), only the third of which plaintiff and SEB rely on as a basis for liability. That exception applies "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id.).
Here, viewing the evidence in the light most favorable to plaintiff and SEB as the nonmovants on summary judgment and affording them the benefit of every available inference (see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019]; De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that Cozzwill failed to meet its initial burden on its motion inasmuch as its own submissions raise triable issues of fact whether its contractual duty entirely displaced SEB's duty to maintain the premises (see Butler v Vestal Parkway Plaza, LLC, 239 AD3d 1177, 1178-1180 [3d Dept 2025]; Martins v Stickle, 227 AD3d 798, 800 [2d Dept 2024]). Moreover, even assuming, arguendo, that Cozzwill met its initial burden on the motion, we further conclude that SEB and plaintiff raised a triable issue of fact whether the agreement was an exclusive and comprehensive agreement (see Hanmer v Bell Atl., 302 AD2d 996, 996 [4th Dept 2003]; see generally Kerwin v Fusco, 138 AD3d 1398, 1400 [4th Dept 2016]). The inspection of the property and direction to undertake snow removal efforts and repairs of the property were made by a person who was both a co-owner of SEB and the sole [*2]owner of Cozzwill, and it is for the trier of fact to determine on whose behalf that person was acting when he engaged in those activities.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court