■ BOWER & GARDNER et al., Respondents-Appellants, v HERBERT B. EVANS, as Chief Administrative Judge, Appellant-Respondent. — Judgment of the Supreme Court, New York County (Tyler, J.), entered June 18, 1982, declaring that 22 NYCRR 660.35 is not unconstitutional on its face, but is unconstitutional as applied, and declaring that the procedures that have been used and are likely to be used under the section violate procedural due process and the rights guaranteed to litigants under the CPLR, unanimously modified, on the law and the facts, to vacate those portions of the judgment that declare the section unconstitutional as applied and that the procedures used and likely to be used under the section violate procedural due process and the rights guaranteed to litigants under the CPLR, and as so modified, affirmed, without costs. The issue presented on this appeal is the validity of the mandatory precalendar conference rule effective in New York County which establishes Special Term, Part 8-A as the forum for all pretrial matters related to personal injury and wrongful death actions filed in New York County, except those in which the City of New York is a party. (22 NYCRR 660.35.) Plaintiff Bower & Gardner is a law firm engaged primarily in the defense of tort actions. Plaintiffs New York University, the Upjohn Company and G.D. Searle & Co. are among the clients represented by Bower & Gardner in actions pending in New York County. Plaintiffs appeal from those portions of the judgment that declare section 660.35 not unconstitutional on its face, and deny plaintiffs the remedy of an injunction. Defendant Herbert B. Evans is the Chief Administrative Judge of the State of New York, and he appeals from those portions of the judgment declaring section 660.35 unconstitutional as applied and declaring the procedures used and likely to be used under the section as violative of procedural due process and the rights granted to litigants under the CPLR. Section 660.35 is a court rule issued on May 18, 1981 by Herbert B. Evans in his capacity as Chief Administrative Judge of the State of New York, and declared effective May 26, 1981. The rule provides that within 60 days after joinder of issue plaintiff shall serve on all parties who have appeared in the action a notice of precalendar conference to be held in Special Term, Part 8-A, at which the following are to be considered: settlement of the action; simplification and limitation of issues, where appropriate; establishment of a timetable for the completion of all discovery proceedings; and the granting of a general or special preference or the remanding of the action to the Civil Court. (22 NYCRR 660.35 [c] [1].) The conference is generally held within six to eight weeks after the notice is filed. As this court recently observed in *Everitt v Health Maintenance Center* (86 AD2d 224, 226): "[T]he creation of Special Term, Part 8-A, and the provision for mandatory precalendar conferences is precisely intended to cut down on the numerous practice motions, particularly

disclosure motions and disputes about them, which have so plagued our practice. The concept of Part 8-A is that one Judge shall take control of these precalendar matters in an informal way, essentially without papers and formal motions, and, among other things, fix a reasonable schedule for disclosure." CPLR 3104 (subd [a]) provides that a court in which an action is pending may, upon motion or on its own initiative, supervise all or part of any disclosure procedure. Section 660.35 simply directs the courts to exercise this supervisory power at a preliminary informal conference with respect to a particular class of cases in which the need for such supervision has been demonstrated by prior experience to exist. We therefore agree with Special Term's judgment that the rule is neither facially unconstitutional nor in conflict with the CPLR. Although concluding that section 660.35 is not unconstitutional on its face, Special Term went on to declare in general terms that procedures pursued in the implementation of the rule, or that were likely to be pursued, rendered the rule unconstitutional as applied. We, of course, acknowledge that errors may have occurred, and may occur, in the implementation of the rule, but we find nothing in the record of a compelling character to support the conclusion that such errors would not most appropriately be responded to on a case-by-case basis through appellate review in the manner indicated in *Everitt v Health Maintenance Center* (*supra,* p 227). Concur — Kupferman, J. P., Sandler, Silverman and Bloom, JJ.