# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**278.1**
**CA 10-00871**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

EMMA HARTSOCK, INDIVIDUALLY AND AS TEMPORARY
GUARDIAN OF THE PERSON AND PROPERTY OF ROY A.
HARTSOCK, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROBERT T. SCACCIA, ET AL., DEFENDANTS,
NASH-CAR SALES & SERVICE AND E. DAVID
NASHWINTER, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

DIXON & HAMILTON, LLP, GETZVILLE (MICHAEL B. DIXON OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 29, 2009. The order granted the motion of defendants Nash-Car Sales & Service and E. David Nashwinter for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals from an order granting the motion of defendants Nash-Car Sales & Service and E. David Nashwinter (collectively, Nashwinter defendants) for summary judgment dismissing the complaint against them. In appeal No. 2, defendant Robert T. Scaccia appeals from an order granting the motion of the Nashwinter defendants for summary judgment dismissing Scaccia's cross claim against them.

Plaintiff is the mother and temporary guardian of Roy A. Hartsock, who was seriously injured in a motor vehicle accident that occurred while he was a passenger in a vehicle driven by Scaccia. Scaccia lost control of the vehicle, which flipped and struck a utility pole. A police accident report, authored in part by Niagara County Deputy Sheriff Timothy Callaghan, concluded that Scaccia had been speeding, had a blood alcohol content of .14% and had two front tires that were under the "legal limit[]" for tread measurement. Callaghan discovered that the Nashwinter defendants inspected the vehicle three days prior to the accident and determined that it passed inspection.

With respect to the order in appeal No. 1, we conclude that Supreme Court properly granted the motion of the Nashwinter defendants for summary judgment dismissing the complaint against them. Even assuming, arguendo, that the Nashwinter defendants failed to inspect Scaccia's vehicle correctly, we conclude that there is no evidence establishing that they assumed a duty to plaintiff by "launch[ing] a force or instrument of harm" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [internal quotation marks omitted]). Indeed, there is no evidence that the alleged failure to inspect the tires correctly created "an unreasonable risk of harm to others" (*Church v Callanan Indus.*, 99 NY2d 104, 111; *see generally Stiver*, 9 NY3d at 257).

In appeal No. 2, we conclude that the court properly granted the motion of the Nashwinter defendants for summary judgment dismissing Scaccia's cross claim for indemnification "and/or" contribution against them. Even assuming, arguendo, that "[a] legal duty independent of [their] contractual obligations [to Scaccia] may be imposed by law [on the Nashwinter defendants] as an incident to [that contractual] relationship" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *see generally Raquet v Braun*, 90 NY2d 177, 182-183), we conclude that the Nashwinter defendants met their initial burden on the motion, and Scaccia failed to raise a triable issue of fact whether the condition of the tires was a proximate cause of the accident. In opposition to the motion, Scaccia submitted the deposition testimony of Callaghan, who testified that he could not recall the tire measurements but that the tires were "visibly . . . unsafe." Callaghan could not conclude for certain that the tires were a cause of the accident or whether the accident would have occurred had the tires been within the legal limit for tread measurement. Given the speculative nature of Callaghan's deposition testimony and the absence of any other evidence that the tires were under the legal limit for tread measurement or otherwise a cause of the accident, we conclude that Scaccia failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544; *Swauger v White*, 1 AD3d 918, 919-920).

Entered: May 6, 2011                                    Patricia L. Morgan
                                                       Clerk of the Court