# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1044**
**CA 15-00486**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

JAMIE MURRAY, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

RICHARD GOLLEY, DEFENDANT-RESPONDENT,
WILLIAM EMMONS, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (SARAH E. BREINER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DEFRANCISCO & FALGIATANO LAW FIRM, SYRACUSE (JEFF D. DEFRANCISCO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

LAW OFFICES OF GIALLEONARDO & HARTFORD, GETZVILLE (SHEILA FINN
SCHWEDES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh
A. Gilbert, J.), entered January 9, 2015. The order denied the motion
of defendant William Emmons to dismiss the complaint against him.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint against defendant William Emmons is dismissed.

Memorandum: Plaintiff was injured when the motorcycle he was
operating collided with a vehicle operated by defendant Richard
Golley. He commenced this action alleging, inter alia, that William
Emmons (defendant), an employee of Autotech of Syracuse, Inc.,
negligently allowed Golley's vehicle to pass inspection prior to the
accident. Defendant contends that Supreme Court erred in denying his
pre-answer motion to dismiss the complaint against him pursuant to
CPLR 3211 (a) (7) on the ground that he owed no duty of care to
plaintiff. We agree. It is well settled that, on such a motion, all
factual allegations in the complaint must be accepted as true and the
benefit of every possible inference shall be afforded to the plaintiff
(see *Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141,
1142). Here, plaintiff alleged with respect to defendant that he
knowingly passed a vehicle for inspection that should not have passed,
but he did not allege, either in the complaint or in opposition to the
motion, that defendant created or exacerbated any dangerous condition
relating to Golley's vehicle by inspecting it. Thus, even assuming,
arguendo, that defendant did not conduct a proper inspection of
Golley's vehicle, we conclude that plaintiff has failed to allege that

defendant assumed a duty to plaintiff by "launch[ing] an instrument of harm since there is no reason to believe that the inspection made [Golley's] vehicle less safe than it was beforehand" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257; *see Hartsock v Scaccia*, 84 AD3d 1697, 1698-1699). Contrary to the court's determination in denying the motion, plaintiff failed to "establish[ ] that additional discovery would disclose facts 'essential to justify opposition' to defendant's motion" (*Bouley v Bouley*, 19 AD3d 1049, 1051; *see Englert v Schaffer*, 61 AD3d 1362, 1363). Finally, we note that Golley's cross claim against defendant had not been pleaded at the time of defendant's motion, and neither the parties nor the court addressed it in connection with defendant's motion. Golley's cross claim therefore shall now be treated as "a properly commenced third-party action" (*Merkley v Palmyra-Macedon Cent. Sch. Dist.*, 130 AD2d 937, 938).

Entered: October 9, 2015                         Frances E. Cafarell
                                                 Clerk of the Court