Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 28, 2016 in Franklin County, which, among other things, in a proceeding pursuant to CPLR article 78, dismissed the petition.
 

 Petitioner, a prison inmate, sought to commence this CPLR article 78 proceeding by order to show cause seeking, insofar as may be gleaned from the accompanying petition, to challenge an unfavorable administrative determination against him and to require the Department of Corrections and Community Supervision to adopt a new security policy relative to the use of video cameras at its correctional facilities. Although the record contains an affidavit of service, the Attorney General has advised this Court that respondent was not served with the relevant papers and did not appear in the proceeding before Supreme Court. Supreme Court—apparently sua sponte—declined to execute the order to show cause and dismissed the petition without prejudice, citing petitioner’s failure to comply with the pleading requirements set forth in CPLR 3013. This appeal by petitioner ensued.
 

 We affirm. To the extent that the petition may be read as challenging either an adverse prison disciplinary determination or the denial of a grievance filed by petitioner, the record is devoid of “any indication that petitioner has exhausted his administrative remedies with regard thereto” (Matter of DePonceau v Fischer, 93 AD3d 1040, 1041 [2012], appeal dismissed 19 NY3d 897 [2012]). As to the balance of the petition, which Supreme Court aptly characterized as containing “a variety of scattered, conclusory allegations that are lacking in context and [are] otherwise extremely difficult to understand,” we agree that the statements contained therein were not “sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense” (CPLR 3013). Accordingly, the petition was properly dismissed without prejudice (see Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [2016]; Matter of Garraway v Fischer, 106 AD3d 1301, 1301 [2013], lv denied 21 NY3d 864 [2013]; Matter of Pettus v New York State Dept. of Correctional Servs., 77 AD3d 996, 996 [2010]; see also CPLR 3014).
 

 Garry, J.P., Devine, Clark, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.