Horowitz v Fallon (2022 NY Slip Op 02460)

Horowitz v Fallon

2022 NY Slip Op 02460

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

531955
[*1]Alan J. Horowitz, Appellant,
v
Sarah M. Fallon, as Director of Mental Hygiene Legal Service, Fourth Department, Respondent.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Alan J. Horowitz, Marcy, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker, LLP, Albany (Nicole Haimson of counsel), for respondent.

Egan Jr., J.
Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Clark, J.), entered April 28, 2020 in Oneida County, which granted defendant's motion to dismiss the complaint.
Following a lengthy sentence imposed as a result of his 1992 conviction for sodomy in the first degree, a Mental Hygiene Law article 10 proceeding was commenced against plaintiff, and, in 2016, he was determined to be a dangerous sex offender in need of confinement (see Mental Hygiene Law § 10.07 [f]). He has since been housed at the Central New York Psychiatric Center (hereinafter CNYPC), a secure treatment facility in Oneida County. In November 2019, he commenced this action for a declaratory judgment against defendant, the then-director of Mental Hygiene Legal Service (hereinafter MHLS) in the Appellate Division, Fourth Department. MHLS is an agency tasked with, among other things, "provid[ing] legal services and assistance to patients or residents and their families related to the admission, retention, and care and treatment of such persons" (Mental Hygiene Law § 47.03 [c]) and "tak[ing] any legal action deemed necessary to safeguard the right of any patient or resident to protection from abuse or mistreatment" (Mental Hygiene Law § 47.03 [e]; see Mental Hygiene Law § 1.03 [6], [23]). Plaintiff alleged that MHLS staff had declined his requests for legal assistance on various matters related to the conditions of his confinement and sought, among other things, a declaration that MHLS was obliged to provide legal assistance in such matters and a directive that such assistance be provided to him.
In lieu of serving an answer, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Plaintiff opposed the motion and separately moved for leave to conduct discovery. Supreme Court granted defendant's motion and dismissed the complaint, determining that the complaint was inadequately pleaded, and took no action on plaintiff's motion. Plaintiff appeals, and the appeal was transferred to this Court from the Appellate Division, Fourth Department.
In considering "a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). This favorable treatment is not endless, however, and where the allegations in the complaint consist of bare legal conclusions, "fail[] to assert facts in support of an element of the claim, or . . . the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery," dismissal is warranted under CPLR 3211 (a) (7) (Connaughton v Chipotle Mexican Grill, [*2]Inc., 29 NY3d 137, 142 [2017]; see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021]; A.M.P. v Benjamin, 201 AD3d 50, 54 [2021]).
The complaint essentially alleges that plaintiff has requested legal assistance from MHLS on various matters and has not received a satisfactory response, but offers no detail as to the specifics of those incidents. Accordingly, Supreme Court properly determined that the complaint did not, as required, contain sufficient factual allegations to "give the court and parties notice of the transactions and occurrences to be proven and the material elements of each cause" (McCormick v Favreau, 82 AD3d 1537, 1541 [2011], lv denied 17 NY3d 712 [2011]; see CPLR 3013). Although plaintiff is correct that the lengthy affidavit he submitted in opposition to defendant's motion could have remedied those defects (see Leon v Martinez, 84 NY2d at 88; Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429 [2021]), it failed to do so. Plaintiff's affidavit is largely aimed at disputing defendant's legal arguments and her description of his interactions with MHLS over the years, as well as suggesting that discovery, if conducted, might provide some factual support for his claims. Like the complaint itself, however, plaintiff's affidavit does not clarify which of those interactions form the basis for his claims. The complaint therefore fails to meet the requirements of CPLR 3013 and was properly dismissed to the extent that it sought to review MHLS's failure to provide legal representation to plaintiff in any specific instance (see Matter of Reeder v Annucci, 155 AD3d 1203, 1204 [2017]; Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [2016]; Weimer v City of Johnstown, 249 AD2d 608, 610 [1998], lv denied 92 NY2d 806 [1998]).
Finally, although plaintiff sought a declaration as to the scope of MHLS's duty to afford him legal representation with regard to his complaints about the conditions of his confinement, the statutory scheme leaves no doubt that MHLS is not at plaintiff's beck and call and has the discretion to determine whether it should provide assistance in such situations. MHLS is directed "[t]o provide legal services and assistance to patients or residents and their families related to the admission, retention, and care and treatment of such persons," but is only required to refer individuals to appropriate legal resources if the situation does "not directly relate[]" to those subjects (Mental Hygiene Law § 47.03 [c]). MHLS must therefore determine whether a situation "directly relates" to care and treatment so as to require legal assistance or arises out of a more tangential link that does not, such as a resident seeking to recover damages for injuries sustained in a traffic accident on the way from the facility to a doctor's appointment, a discretionary matter that depends heavily upon the facts of the individual case. Mental Hygiene Law[*3]§ 47.03 (e), in turn, authorizes MHLS "[t]o initiate and take any legal action deemed necessary to safeguard the right of any patient or resident to protection from abuse or mistreatment, which may include investigation into any such allegations of abuse or mistreatment of any such patient or resident." The use of discretionary language such as "may" and "deemed necessary" in Mental Hygiene Law § 47.03 (e) reflects that MHLS is not required to exercise that authority, and nothing in the statute or the history surrounding its enactment suggests that a contrary reading was intended (see McKinney's Cons Laws of NY, Book 1, Statutes § 177). Indeed, the legislative history confirms that the statute was intended to "clarif[y] the discretionary authority of MHLS to conduct patient abuse investigations" (Budget Report on Bills, Bill Jacket, L 1985, ch 789, at 11 [emphasis added]). MHLS is therefore not required to afford legal representation under either section and, although its refusal to do so in a specific case could be challenged by plaintiff as arbitrary and capricious given the underlying facts (see CPLR 7803 [3]), "such errors would . . . most appropriately be responded to on a case-by-case basis through appellate review" rather than via declaratory relief (Bower & Gardner v Evans, 91 AD2d 885, 886 [1983], mod 60 NY2d 781 [1983]; see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]; Matter of Karakash v Del Valle, 194 AD3d 54, 65-66 [2021]).
Plaintiff's remaining contentions, to the extent that they are properly before us, have been considered and rejected.
Garry, P.J., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.