Cavosie v Hussain (2023 NY Slip Op 01925)

Cavosie v Hussain

2023 NY Slip Op 01925

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

533207 
[*1]Michael Cavosie, Individually and as Administrator of the Estate of Rachael Cavosie, Deceased, Respondent,
v
Shahed Hussain, Doing Business as Prestige Limousine and Chauffer Service, Hazy Limousine and Saratoga Luxury Limousines, et al., Defendants, and Mavis Discount Tire Inc. et al., Appellants. (And 11 Other Related Actions.)

Calendar Date:February 15, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald and McShan, JJ. 

Yankwitt LLP, White Plains (Benjamin R. Allee of counsel), for appellants.
Harding Mazzotti LLP, Niskayuna (Thomas J. Mortati of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Denise A. Hartman, J.), entered April 2, 2022 in Albany County, which denied certain defendants' motion to dismiss the complaints, amended complaints and cross-claims against them.
In October 2018, a stretch limousine for hire — an altered 2001 Ford Excursion XLT — tragically crashed at the bottom of a hill in Schoharie County. All 17 passengers, the driver of the limousine and two pedestrians in a restaurant parking lot at the bottom of the hill were killed. The vehicle was titled to defendant Shahed Hussain, the proprietor of a limousine rental business run under various names, which he owned and/or operated with defendant Nauman Hussain and defendant Malik Riaz Hussain (hereinafter collectively referred to as the Hussain defendants). An investigation after the accident revealed failings in the registration, inspection, maintenance and operation of the limousine, and Nauman Hussain, who was handling the day-to-day affairs of the business during the relevant period, is facing criminal charges for putting the limousine into service on the day of the crash. Plaintiffs, administrators of the estates of those killed in the crash, brought these actions against the Hussain defendants and defendant Mavis Discount Tire Inc., among other Mavis entities (hereinafter collectively referred to as the Mavis defendants), a Saratoga County location of which (hereinafter the Mavis store) performed certain maintenance on the limousine and purportedly inspected it prior to the accident.[FN1] Some plaintiffs also sued the restaurant, defendant Apple Barrel Country Store, and the estate of the driver of the limousine. Although the complaints and amended complaints are not identical, they contain substantially similar allegations and, generally speaking, sound in negligence and fraud. Apple Barrel answered and asserted certain cross-claims, as did the Hussain defendants and the limousine driver's estate. The Mavis defendants moved, pre-answer, to dismiss the complaints, amended complaints and cross-claims against them (see CPLR 3211 [a] [7]). Plaintiffs opposed, and Supreme Court denied the motion. The Mavis defendants appeal.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), "[w]e accept the facts as alleged in the complaint as true, accord [the] plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Horowitz v Fallon, 204 AD3d 1177, 1178 [3d Dept 2022]). Additionally, where, as here, evidentiary material is considered on a motion to dismiss, "the criterion is whether the proponent[s] of the pleading[s] ha[ve] a cause of action, not whether [they] ha[ve] stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429 [3d Dept 2021]).
"Because a finding of negligence must be based on the breach of a duty[*2], a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002] [citations omitted]; see Vogle v North Country Prop. Mgt., LLC, 170 AD3d 1491, 1492 [3d Dept 2019]). The Mavis store's maintenance and inspection of the limousine arose out of contractual arrangements with the Hussain defendants, and "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d at 138; see Buckley v 18 E. Main St., LLC, 199 AD3d 1283, 1284 [3d Dept 2021]). However, there are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks, brackets and citations omitted]; see Mizenko v Intertech Digital Entertainment, Inc., 204 AD3d 1151, 1152 [3d Dept 2022]). Initially relevant here is the first situation, "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]; see McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1162 [3d Dept 2022]).
Plaintiffs' complaints and amended complaints detail a cascading series of events leading up to the subject crash that largely began with maintenance performed by the Mavis store.[FN2] It is alleged that in or around July 2016, the Hussain defendants purchased the subject limousine, which they brought to the Mavis store for brake maintenance in September 2016. Records reflect that the Mavis store replaced the right rear brake caliper, pads and rotor and flushed the brake system at that time. According to plaintiffs, in doing so, the Mavis store caused the rear brake line to be bent and collapsed near the right rear wheel, thereby impairing the integrity and hydraulics of the limousine's rear brakes and the service brake system, notwithstanding the fact that the same brake line was also already corroded. We reject the assertion that the September 2016 work was too remote in time from the accident to have given rise to a duty. Although the damage to the rear brake line occurred two years before the accident, plaintiffs allege that the damage persisted through subsequent services rendered by the Mavis store, including in May 2018, when the Mavis store performed additional brake maintenance and purported to inspect the vehicle[*3], including the brake system. Further, a motor vehicle autopsy and related forensic investigation found the partially collapsed rear brake line — consistent with improper removal of a right rear brake caliper — to have been a key factor in the October 2018 catastrophic loss of braking effort. As Supreme Court concluded, based on the September 2016 maintenance alone, plaintiffs have pleaded facts sufficient to allege that the Mavis defendants owed them a duty of care under the first Espinal exception (cf. Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]; Kelley v Schneck, 106 AD3d 1175, 1179-1180 [3d Dept 2013], lv dismissed 21 NY3d 1069 [2013]; compare Medinas v MILT Holdings LLC, 131 AD3d 121, 126-127 [1st Dept 2015]; Bono v Halben's Tire City, Inc., 84 AD3d 1137, 1139 [2d Dept 2011]).
Plaintiffs further allege that the Mavis store similarly created or exacerbated a dangerous condition via a grossly negligent inspection of the limousine in May 2018. The subject limousine, a for-hire vehicle with a capacity for 15 or more passengers, was required to be registered as a bus and therefore subject to more rigorous, semiannual Department of Transportation (hereinafter DOT) safety inspections, as opposed to the annual Department of Motor Vehicles (hereinafter DMV) inspection that the Mavis store was generally authorized to perform. Notwithstanding the Hussain defendants' registration of the limousine as having a much lower seating capacity, DOT performed a roadside inspection of the vehicle in March 2018, finding it in poor operating condition due to severe mechanical defects and unfit to be on the road. DOT accordingly placed an "out of service" sticker on the vehicle. Although Nauman Hussain later impermissibly removed that sticker, he had also made the Mavis store aware of the failed inspection and the reasons therefor. Additionally, plaintiffs allege that the Mavis store knew or should have known immediately upon observation of the altered 18-passenger vehicle that it did not have the legal authority to perform the May 2018 safety inspection but nevertheless placed a DMV inspection sticker on the limousine. According to plaintiffs, the Mavis store did so without conducting even the less-stringent DMV safety inspection. In September 2018, the limousine was again inspected by DOT, which found that the defects identified in the March 2018 roadside inspection had not been remedied.
In arguing that the May 2018 inspection cannot give rise to a duty to plaintiffs, the Mavis defendants rely upon Stiver v Good & Fair Carting & Moving, Inc. (9 NY3d 253 [2007]), in which the Court of Appeals applied the Espinal framework to motor vehicle inspection stations (id. at 257). We acknowledge that Stiver, as a matter of public policy, declined to turn inspection stations into insurers by subjecting them to liability for the failure to detect safety-related problems in the vehicles that they inspect — "the amount of which they may not know and cannot control[*4]" (id. at 257-258 [internal quotation marks and citation omitted]). However, the allegations here far exceed the failure to detect a latent defect. In our view, plaintiffs' allegations of the Mavis store's knowingly unauthorized conduct and failure to use even slight care with respect to known defects, including those it allegedly created, are readily distinguishable from the mere inspection in Stiver (see id. at 256; see generally Food Pageant v Consolidated Edison Co., 54 NY2d 167, 172 [1981]). We therefore agree with Supreme Court that, under these circumstances, plaintiffs have adequately pleaded that the Mavis store launched an instrument of harm by enabling a vehicle known to be unroadworthy to operate commercially, creating an unreasonable risk of harm to others (compare Murray v Golley, 132 AD3d 1391, 1392 [4th Dept 2015]; Hartsock v Scaccia, 84 AD3d 1697, 1698-1699 [4th Dept 2011]; Neidhart v K.T. Brake & Spring Co., 55 AD3d 887, 889 [2d Dept 2008]).
We further find that, at this early procedural stage, plaintiffs have also adequately pleaded a duty under the second Espinal exception with respect to the limousine's passengers. Plaintiffs allege that the Mavis store knew, and intended, that issuing the unauthorized DMV inspection sticker would communicate to potential customers of the Hussain defendants that the limousine was roadworthy and thus induce them to seek its services. It is further alleged that the decedents believed the limousine to have been duly inspected, and that, without such assurance of safety, they would not have agreed to ride in the vehicle on the day of the crash. Contrary to the Mavis defendants' assertion, Stiver is again distinguishable; there, the plaintiff had rear-ended a disabled vehicle on the highway and did not know whether or when that vehicle had been inspected, given his lack of relationship to its owner (compare Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d at 255-257). We further find that, by virtue of the same allegations, plaintiffs have pleaded, with the requisite particularity (see generally CPLR 3016 [b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]), a claim for fraudulent misrepresentation (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; see also Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 828 [2016]) and aiding and abetting fraud (see State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 120 [3d Dept 2017]).
Turning to proximate cause, the Mavis defendants argue that Nauman Hussain's alleged criminal acts severed any causal nexus between their alleged conduct and plaintiffs' injuries. "The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events [that] produced the injury" (Hain v Jamison, 28 NY3d 524, 528-529 [2016] [internal quotation marks and citation omitted]; see Derdiarian v Felix Contr. Corp., 51 [*5]NY2d 308, 315 [1980]). Where, as here, "a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Hain v Jamison, 28 NY3d at 529 [internal quotation marks, emphasis and citations omitted]; see Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1328 [3d Dept 2020]). "It is only where the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, that it may possibly break the causal nexus" (Hain v Jamison, 28 NY3d at 529 [internal quotation marks, brackets, ellipsis and citations omitted]; see Dunham v Ketco, Inc., 135 AD3d 1032, 1035-1036 [3d Dept 2016]). In all but rare circumstances where only one conclusion may be drawn from the facts, "foreseeability and proximate cause are . . . questions for the factfinder" (Hain v Jamison, 28 NY3d at 529; see Pineiro v Rush, 163 AD3d 1097, 1098 [3d Dept 2018]).
Although Nauman Hussain is alleged to have committed a variety of criminally reckless and negligent intervening acts — such as repeatedly ignoring various sources of information regarding the vehicle's progressively failing brake system and returning the subject limousine to service despite being ordered by DOT to take it off the road — "[t]he fact that [a] third person's acts may constitute criminal conduct does not necessarily make them a superseding cause as a matter of law" (Vetrone v Ha Di Corp., 22 AD3d 835, 839 [2d Dept 2005]; see Turturro v City of New York, 28 NY3d 469, 484 [2016]). Rather, the facts set forth by plaintiffs, if proven, could support various reasonable inferences, including that, regardless of Nauman Hussain's alleged criminal conduct, the September 2016 damage to the rear brake line is one of several legal causes of the harm suffered by plaintiffs and that said conduct was a reasonably foreseeable consequence of the Mavis store's unauthorized and fraudulent actions and omissions (see Hain v Jamison, 28 NY3d at 530; Turturro v City of New York, 28 NY3d at 484-485).
In view of the allegations, plaintiffs have also sufficiently alleged facts to support a claim for punitive damages, which are available for conduct that is "grossly negligent, . . . wanton or so reckless as to amount to a conscious disregard of the rights of others" (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 201 [1990]; see Burdick v Tonoga, Inc., 191 AD3d 1220, 1224 [3d Dept 2021]). Finally, because the Mavis defendants' efforts to dismiss the complaints and amended complaints were unsuccessful, Supreme Court also properly denied that branch of their motion that was to dismiss the cross-claims against them, the adequacy of which are not otherwise challenged.
Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: These actions, filed in several judicial districts, are being coordinated in Albany County for the purpose of pretrial discovery and motions.

Footnote 2: The Mavis defendants have agreed that there is no reason to differentiate among the complaints and amended complaints for the purpose of the subject motion.