Matter of Simpson v Annucci (2024 NY Slip Op 02242)

Matter of Simpson v Annucci

2024 NY Slip Op 02242

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-23-0653
[*1]In the Matter of Theodore Simpson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 28, 2024

Before:Garry, P.J., Egan Jr., Fisher, McShan and Powers, JJ.

Theodore Simpson, Romulus, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Thomas Marcelle, J.), entered March 8, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, an incarcerated individual, commenced this CPLR article 78 proceeding apparently challenging various misbehavior reports and a grievance. The petition also referenced a related civil service complaint, purportedly related to the Department of Corrections and Community Supervision staff attempting to issue petitioner a razor, which petitioner alleges led to, among other things, harassment and violation of his various constitutional and regulatory rights by staff. Respondent moved to dismiss the petition for, among other things, failure to satisfy pleading requirements and failure to state a cause of action. Supreme Court granted the motion to dismiss, finding that petitioner failed to effectuate proper service. Petitioner appeals.
We affirm Supreme Court's dismissal of the petition, albeit on the grounds asserted in respondent's motion to dismiss. Pleadings must consist of "plain and concise statements" (CPLR 3014), which must "be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). The petition here does not meet that standard as it contains poorly organized, generalized and conclusory allegations without identifying the context of the administrative action being challenged. Accordingly, the petition was properly dismissed (see Matter of Reeder v Annucci, 155 AD3d 1203, 1204 [3d Dept 2017]; Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [3d Dept 2016]; Matter of Garraway v Fischer, 106 AD3d 1301, 1301 [3d Dept 2013], lv denied 21 NY3d 864 [2013]).
Garry, P.J., Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.