Bane v Lease-n-Save Corp. (2024 NY Slip Op 03253)

Bane v Lease-n-Save Corp.

2024 NY Slip Op 03253

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

154 CA 23-00307

[*1]KATHRYN J. BANE, PLAINTIFF-RESPONDENT,
v
LEASE-N-SAVE CORP., DEFENDANT, DENT ENTERPRISES, INC., DOING BUSINESS AS DENTCO AND RJS LAWN SERVICE, INC., DEFENDANTS-APPELLANTS. 

HURWITZ FINE P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
NICHOLAS PEROT SMITH BERNHARDT & ZOSH, AKRON, POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), dated December 22, 2022. The order denied the motion of defendants Dent Enterprises, Inc., doing business as DENTCO, and RJS Lawn Service, Inc., seeking to dismiss plaintiff's amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained after she slipped and fell in an allegedly icy parking lot of an M & T Bank, which was located on property owned by defendant Lease-N-Save Corp. The tenant, nonparty M & T Trust Company, contracted with defendant Dent Enterprises, Inc., doing business as DENTCO (Dent), for property maintenance services including snow and ice removal, and Dent subcontracted the snow and ice removal work to defendant RJS Lawn Service, Inc. (RJS). Dent and RJS (collectively, defendants) then moved to dismiss the amended complaint against them pursuant to CPLR 3211 (a) (1) and CPLR 3211 (a) (5). We conclude that Supreme Court properly denied the motion.
"When a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiff[ ] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon, 84 NY2d at 88).
Defendants contend that the court erred in denying their motion under CPLR 3211 (a) (1) because the documentary evidence established that they did not owe plaintiff a duty of care. We reject that contention. Although defendants are correct that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), there are three exceptions to that general rule set forth in Espinal (id. at 140). Here, plaintiff pleaded facts in the amended complaint sufficient to allege the application of the first Espinal exception (see Cavosie v Hussain, 215 AD3d 1080, 1083 [3d Dept 2023]; see also Vassenelli v City of Syracuse, 138 AD3d 1471, 1474 [4th Dept 2016]), and the documentary evidence did not "utterly refute[ ] plaintiff's factual allegations, [thereby failing [*2]to] conclusively establish[ ] a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Contrary to the contention of defendants, they were also not entitled to dismissal of the amended complaint pursuant to CPLR 3211 (a) (5). "On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). Once a defendant meets that initial burden, the burden shifts "to plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 1562 [internal quotation marks omitted]). Although defendants met their initial burden of establishing that the limitation period had expired, plaintiff established that the statute of limitations was tolled for a portion of that time.
On March 20, 2020, then-Governor Andrew Cuomo issued Executive Order (A. Cuomo) No. 202.8, which tolled "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules" (9 NYCRR 8.202.8). Then-Governor Cuomo issued a series of nine subsequent executive orders that extended the tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). "A toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite and, in this instance, readily identifiable time period" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020], rearg denied 36 NY3d 962 [2021]). "[T]he period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (id.).
Here, 469 days of the 1,096-day limitation period had elapsed by the time the toll began on March 20, 2020. Upon the expiration of the toll on November 3, 2020, the remaining 627 days of the limitation period began to run again, expiring on July 22, 2022 (see Harden v Weinraub, 221 AD3d 1460, 1462 [4th Dept 2023]). Thus, the action against defendants was timely commenced in March 2022.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court